## THE PEOPLE *v.* SALCEDO.

### APPEAL from the District Court of Ponce.

No. 108.—Decided November 27, 1907.

COMPLAINT—PLACE AT WHICH CRIME WAS COMMITTED—APPEAL.—Where in a complaint it does not appear that the crime was committed at the place within the jurisdiction of the court, in the absence of an exception opportunely interposed, the defect will not be considered substantial to the extent of warranting the reversal of the judgment; but if an exception has been duly entered it must be sustained and if overruled the judgment must be reversed.

ID.—PROHIBITED GAMES—MONTE.—In a complaint or information charging the defendant with the crime of having participated in a game of monte, it must be alleged that the accused played for money, checks, credit or chips representing value, and in the absence of such an allegation, if objection is raired, it should be sustained, and if overruled the error will warrant the reversal of the judgment.

The facts are stated in the opinion.

*Mr. Manuel Tous Soto* for appellant.

*Mr. Rossy, fiscal,* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This prosecution was begun by a complaint filed in the Municipal Court of Coamo for gambling, against Salcedo and five other persons, including the secretary and marshal of the said court. They were convicted in the Municipal Court and appealed the case to the District Court of Ponce, where they were again convicted, and the same punishment imposed.

On the 3d of April, 1907, the District Court of Ponce having rendered a judgment of conviction, imposed a fine of $125 each on Salcedo, Colón and Quesada, with an alternative punishment of 40 days in jail, and a fine of $100 each on Suro, Pérez and Rico, with an alternative punishment of 30 days in jail. The judgment goes on to say that it affirms partially the judgment of the municipal court. This latter resolution, of course, was erroneous, as we have heretofore shown in several cases, among others, that of Laviosa decided on the 30th of October last. The alternative imprisonment in the municipal court being the same as in the district court was erroneous in the former, while it was allowable in the latter, as set forth in the opinion in the Laviosa case.

It is useless to discuss these questions again, as the observations made in the opinion referred to cover the errors in this case fully as well as those of the case in which they were originally written.

On examining the complaint to which the demurrer was presented we find it bad. The first ground of exception was that the venue was not properly laid; in other words, that the complaint did not set out that the offense was committed at any place within the jurisdiction of the Municipal Court of Coamo. We have held in several cases that where no exception is made in the court below this objection will not be

noticed for the first time in this court—that is to say, we have held that the failure to designate the venue of the offense is not a substantial defect in the complaint which would be sufficient to set aside the judgment unless an exception is presented thereto—but we have intimated that where the exception is properly made, that it should be sustained. This exception was properly presented to the District Court of Ponce, and was overruled and exception taken to the ruling of the court. We think the overruling of the demurrer to the complaint was an error.

The second ground of exception presented in the District Court of Ponce to the complaint was that there is no allegation therein that money was bet upon the game, but simply that the game of *monte* was played. It is possible that the game of *monte* might be played merely for amusement, without the use of money, using beans or checks or something else which had no value and were not redeemable in money or other valuable thing.

The Penal Code, section 299, under which this complaint was filed, defining the offense makes it necessary to complete the offense, that the game should be played, carried on or opened for money, checks, credit, or other representative of money, or that money, or something of value, should be bet, and this is an allegation that should be set out in the complaint or the information, as the case may be, and the omission so to do would give occasion to an exception which, when made, should be sustained. The court overruled this demurrer and exception was duly taken to said ruling. We think this resolution was an error on the part of the district court also, for which the judgment should be reversed.

There is no occasion to examine the facts in the case as to whether or not they were sufficient to sustain the judgment rendered, in view of the course above indicated as to the reversal.

For the reasons stated, the judgment of the court below should be reversed for the errors indicated and the case dismissed.

*Reversed.*

Chief Justice Quiñones and Justices Hernández, Figueras and Wolf concurred.